UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT E. LEE,**

      **Plaintiff,**              **CIVIL ACTION NO. 15-cv-13474**

      v.                        **DISTRICT JUDGE PAUL D. BORMAN**

**MONEY GRAM CORPORATE**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**OFFICE,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is recommended that Plaintiff's application to proceed *in forma pauperis* be **GRANTED** and that Plaintiff's case be **DISMISSED** for lack of jurisdiction and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of this recommendation, it is further recommended that Plaintiff's Motion for an extension of time (docket no. 7) be **DENIED** as moot.

**II.    REPORT**

On October 2, 2015, Plaintiff Robert E. Lee initiated this *pro se* action against Defendant Money Gram Corporate Office. (Docket no. 1.) The allegations in Plaintiff's filings are difficult to decipher. Plaintiff asserts that Defendant "should be responsible for their negligence's," purportedly in relation to payments made to Plaintiff's Capital One account. (Docket no. 1 at 3.) Plaintiff also cites to sections 750.157m and 750.157u-w of the Michigan Penal Code, which relate to crimes involving credit cards and financial transaction devices. (*Id*. at 4 (citing MCL §§

750.157m, 750.157u-w).)  In a section titled "Relief," Plaintiff seemingly defines and makes historical statements regarding punitive damages.  (*Id*. at 4.)  This matter has been referred to the undersigned for all pretrial matters, including the determination of *in forma pauperis* status and initial screening pursuant to 28 U.S.C. § 1915(e)(2).  (Docket no. 6).  As an initial matter, the undersigned has reviewed Plaintiff's application to proceed *in forma pauperis* (docket no. 2) and recommends that it be granted.

Before proceeding any further, however, the court's basis for jurisdiction should be examined.  It is Plaintiff's burden to set forth a short and plain statement of the grounds for the court's jurisdiction in the initial pleading.  Fed. R. Civ. P. 8(a)(1).  There are two types of subject matter jurisdiction bestowed upon the federal district courts: federal question jurisdiction and diversity jurisdiction.  Federal question jurisdiction exists when the civil action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Diversity jurisdiction exists in civil actions between citizens of different states where the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).

Plaintiff fails to allege jurisdiction under either theory.  Plaintiff does not allege a violation of federal law, and while Plaintiff and Defendant's purported addresses are in Michigan and Texas, respectively, Plaintiff does not allege an amount in controversy that exceeds $75,000. Notably, Plaintiff does not purport to seek compensatory damages in this matter; even if he did, the nature of Plaintiff's claims reveal that any such damages would be nominal.  And to the extent that Plaintiff seeks punitive damages, such damages are generally not recoverable in Michigan unless authorized by statute.  *Colston v. CVS Pharmacy, Inc.*, No. 15-13321, 2016 WL 319527, at *2 (E.D. Mich. Jan. 27, 2016) (quoting *Casey v. Auto Owners Ins. Co.*, 729 N.W.2d 277, 286 (Mich. Ct. App. 2006) (citing *Gilbert v. DaimlerChrysler*, 685 N.W.2d 391, 400 (Mich.

2004))).  Plaintiff cites no authority under which his general negligence claim would be entitled to punitive damages under Michigan law, and the Court finds none.  Accordingly, Plaintiff's case should be dismissed for lack of jurisdiction.

In the alternative, having recommended that Plaintiff application to proceed *in forma pauperis* be granted, Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), which states that a district court has a duty to dismiss at any time a case in which the plaintiff is proceeding *in forma pauperis* if it determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A complaint lacks an arguable basis in law or fact if it contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless."  *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).  A complaint fails to state a claim on which relief may be granted if fails to contain facts sufficient to state a claim to relief that is plausible on its face.  *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The undersigned notes that "*[p]ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted).  Even so, a *pro se* plaintiff's complaint must meet basic pleading standards.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  In this case, even viewing the limited factual allegations in the light most favorable to Plaintiff, Plaintiff's filings fail to suggest any basis for relief or set forth facts sufficient to state any plausible claim against Defendant.  It is therefore recommended that Plaintiff's case be *sua sponte* dismissed under 28 U.S.C. § 1915(e)(2)(B).

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: May 23, 2016            s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

4

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Robert E. Lee on this date.

Dated: May 23, 2016          s/ Lisa C. Bartlett
                             Case Manager

5