**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**ROBERT E. LEE,**

       **Plaintiff,**                       **CIVIL ACTION NO. 15-cv-13474**

    **v.**                               **DISTRICT JUDGE PAUL D. BORMAN**

**MONEY GRAM CORPORATE**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**OFFICE,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is recommended that Plaintiff's "Motion to Submit New Address; and Pleadings for a Pro Bono Counselor, and Have These Pleadings Reinstated from Moot" (docket no. 10) be **DENIED**.

**II.    REPORT**

On October 2, 2015, Plaintiff Robert E. Lee initiated this *pro se* action against Defendant Money Gram Corporate Office. (Docket no. 1.) In the Complaint, Plaintiff asserted that Defendant "should be responsible for their negligence's," purportedly in relation to payments made to Plaintiff's Capital One account. (Docket no. 1 at 3.) Plaintiff also cited to sections 750.157m and 750.157u-w of the Michigan Penal Code, which relate to crimes involving credit cards and financial transaction devices. (*Id.* at 4 (citing MCL §§ 750.157m, 750.157u-w).) This matter was referred to the undersigned for all pretrial matters, including the determination of *in forma pauperis* status and initial screening pursuant to 28 U.S.C. § 1915(e)(2). (Docket no. 6).

On May 23, 2016, the undersigned issued a Report and Recommendation to the District Judge recommending that Plaintiff's application to proceed *in forma pauperis* (docket no. 2) be granted and that Plaintiff's Complaint be dismissed for lack of jurisdiction and failure to state a claim upon which relief can be granted.  (Docket no. 8.)  Plaintiff did not file objections, and on June 27, 2016, the District Judge entered an order in which he adopted the Report and Recommendation and dismissed Plaintiff's case.  (Docket no. 9.)

On January 20, 2017, Plaintiff filed the instant "Motion to Submit New Address; and Pleadings for a Pro Bono Counselor, and Have These Pleadings Reinstated from Moot."  (Docket no. 10.)  In this Motion, Plaintiff seemingly indicates that he is moving to submit his new address to the court in accordance with the Notice Regarding Parties' Responsibility to Notify Court of Address Change issued to Plaintiff on October 5, 2015.  (*Id*. at 1; *see* docket no. 4.)  Plaintiff's address of record has since been updated to the new address submitted by Plaintiff in this Motion.  It is therefore recommended that this portion of Plaintiff's Motion be denied as moot.

Next, Plaintiff asserts that he is in "need of Mercy of the Honorable Court" to assign him an attorney because he is suffering mental stressors "similar maybe" to seizures.  (Docket no. 10 at 1.)  Plaintiff then lists and describes volunteer work that he has performed over the years, as well as military-related testing and educational courses that he underwent in the 1970s, 1980s, and 1990s.  (*Id*. at 1-2.)  Plaintiff subsequently exclaims, "THIS I CANT GET BACK IS MY MOTHER."  (*Id*. at 2.)  He then asserts that he needs to restate a case from 1995 that is waiting in the University of Michigan's Innocence Clinic, which he describes as a case involving an illegal search and seizure conducted by a young, white, female police officer who searched his home without permission and slammed his eighty-five year old mother against a wall.  (*Id*.)  Lastly, Plaintiff states, "Now, this Honorable Judge, and High Court has heard a great deal of my

trying to be a much better Citizen as my years, and life gone by." (*Id.*) Plaintiff's prayer for relief is restated verbatim and in its entirety below:

> $200,000.00 PRUDENTIVE DAMAGES
>
> THIS I CANT GET BACK IS MY MOTHER, while away never to see her again.
>
> Catch these criminals; and their corruption, and this be another away to monitor in the future these ways of crimes against American people, and their livelihood.
>
> Whom, need to reinstate this victim's Credit, cleared up, and back in good standing again to obtain a home, and or comparative living conditions as other Americans.

(*Id.* at 3.)

Plaintiff's Motion is properly construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).  Rule 60(b) of the Federal Rules of Civil Procedure allows the court, upon motion, to relieve a party from a final judgment or order for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In the instant Motion, Plaintiff fails to cite any valid reason for setting aside the order of dismissal in this case that would qualify under Rule 60(b) for relief.  He does not present any

new evidence or allege any fraud or mistake. Additionally, Plaintiff's Motion calls into question whether he actually is seeking to reopen this case or a different case from 1995. Moreover, Plaintiff does not address the deficiencies of his Complaint. In fact, the only reference in the instant Motion to the claims in the Complaint comes in Plaintiff's prayer for relief where he seeks to reinstate and clear up his credit. Plaintiff has presented no legitimate basis for setting aside the order of dismissal and reopening this case. Accordingly, his "Motion to Submit New Address; and Pleadings for a Pro Bono Counselor, and Have These Pleadings Reinstated from Moot" (docket no. 10) should be DENIED.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise

response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  June 23, 2017     s/ Mona K. Majzoub
                          MONA K. MAJZOUB
                          UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Robert E. Lee on this date.

Dated:  June 23, 2017     s/ Lisa C. Bartlett
                          Case Manager