UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT E. LEE,

    Plaintiff,        Case No. 15-cv-13474

                 Paul D. Borman
v.                United States District Judge

                 Mona K. Majzoub
MONEY GRAM CORPORATE    United States Magistrate Judge
OFFICE,

    Defendant.
_____/

## OPINION AND ORDER (1) DENYING PLAINTIFF'S "REPORT AND RECOMMENDATION, MOTION TO AMEND/CORRECT AND REQUEST FOR ENLARGEMENT OF TIME," (ECF NO. 14) WHICH THE COURT CONSTRUES AS OBJECTIONS TO MAGISTRATE JUDGE MAJZOUB'S JUNE 23, 2017 REPORT AND RECOMMENDATION, (2) ADOPTING MAGISTRATE JUDGE MAJZOUB'S JUNE 23, 2017 REPORT AND RECOMMENDATION (ECF NO. 13), and (3) DENYING PLAINTIFF'S "MOTION TO SUBMIT NEW ADDRESS; AND PLEADINGS FOR A PRO BONO COUNSELOR, AND HAVE THESE PLEADINGS REINSTATED FROM MOOT" (ECF NO. 10)

On June 23, 2017, Magistrate Judge Mona K. Majzoub issued a Report and

Recommendation to deny Plaintiff's "Motion to Submit New Address; and Pleadings

for a Pro Bono Counselor, and Have These Pleadings Reinstated from Moot." (ECF

No. 13, Report and Recommendation; ECF No. 10, Pl.'s Mot.) Magistrate Judge

Majzoub construed Plaintiff's "Motion to Submit New Address," as a motion for relief

from judgment under Fed. R. Civ. P. 60(b) and concluded that Plaintiff had failed to cite any valid reason for setting aside the Court's June 27, 2016 Order dismissing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). This Court's June 27, 2016 Order adopted Magistrate Judge Majzoub's May 23, 2016 Report and Recommendation recommending such a dismissal (ECF No. 8), to which no Objections were filed. (ECF No. 9, Order Adopting Report and Recommendation.)

Magistrate Judge Majzoub's June 23, 2017 Report and Recommendation informed Plaintiff that any objections to the Report and Recommendation must be filed within 14 days, or on or before July 7, 2017, and must separately label each objection to her Report and Recommendation, reciting precisely the provision of the Report and Recommendation to which it pertains. (ECF No. 13, Report and Recommendation 4, PgID 97.)

On July 7, 2017, the last day for filing timely objections to the June 23, 2017 Report and Recommendation, Plaintiff filed a document entitled "Report and Recommendation, Motion to Amend, and Request Enlargement of Time." (ECF No. 14.) The Court construes this filing, which was timely filed within the period for objections to the June 23, 2017 Report and Recommendation, and which referenced "Report and Recommendation" in its title, as an Objection to the June 23, 2017 Report and Recommendation.

## II.    STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  Objections must be timely to be considered.  A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations.  *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir. 1999).  "[A] party *must* file timely objections with the district court to avoid waiving appellate review."  *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider."  *Id.* (internal quotation marks and citation omitted).  A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection.

*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (alterations added).

## III.   ANALYSIS

Plaintiff's Objection fails to separately label his objections and fails to cite any particular portion of the Report and Recommendation to which he objects. His objections are general restatements of his grievances and do not direct the Court to any errors in the Magistrate Judge's Report and Recommendation that he seeks to have this Court correct. His objections are too summary in nature and are therefore DENIED.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

1) DENIES Plaintiff's "Report and Recommendation, Motion to Amend,

and Request for Enlargement of Time," (ECF No. 14) which the Court construes as Objections to Magistrate Judge Majzoub's June 23, 2017 Report and Recommendation;

2) ADOPTS Magistrate Judge Majzoub's June 23, 2017 Report and Recommendation; (ECF No. 13);

3) DENIES Plaintiff's "Motion to Submit New Address; and Pleadings for a Pro Bono Counselor, and Have These Pleadings Reinstate From Moot," (ECF No. 10) which Magistrate Judge Majzoub correctly construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b).

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: September 20, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 20, 2017.

s/Deborah Tofil
Case Manager