UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT E. LEE,

    Plaintiff,

v.

MONEY GRAM CORPORATE
OFFICE,

    Defendant.
_____/

Case No. 15-cv-13474

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

### OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION TO ADD ON COPY OF HARASSMENT LETTER AND TO STAY (ECF NO. 18) AND (2) DENYING PLAINTIFF'S MOTION TO ADD ON RECONSIDERATION AND FOR A CONSULTANT (ECF NO. 19)

On June 27, 2016, this Court entered an Order Adopting Magistrate Judge Majzoub's May 23, 2016 Report and Recommendation to grant Plaintiff's application to proceed without prepayment of fees and dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. (ECF No. 9, Order Adopting Report and Recommendation and Dismissing Complaint.) On September 20, 2017, this Court entered an Order Adopting Magistrate Judge Majzoub's June 23, 2017 Report and Recommendation to deny Plaintiff's "Motion to Submit New Address," a motion filed without reference to any rule and which Magistrate Judge Majzoub appropriately construed as a motion

1

for relief from judgment under Fed. R. Civ. P. 60(b). (ECF No. 15, Order Adopting Report and Recommendation and Denying Motion to Submit New Address.) Before the Court are additional filings by Plaintiff presumably asking once again that this Court revisit its prior rulings in this case. For the reasons that follow, the Plaintiff's motions are denied.

Plaintiff has now filed two additional "motions" (ECF Nos. 18, 19), one of which appears to add a defendant to this closed case, and an apparently related filing (ECF No. 17), that again do not rely on any court rule or seek any specific form of relief and which this Court construes as requests for relief from judgment under Fed. R. Civ. P. 60(b). It is unclear whether Plaintiff is seeking to have this Court revisit its June 27, 2016 Order or its September 20, 2017 Order but in either case, the Plaintiff's filings do not provide any valid basis for setting aside either Order of this Court.

Rule 60(b) allows the Court, upon motion, to relieve a party from a final judgment, order, or proceeding based upon any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment." *In re G.A.D., Inc.*, 340 F. 3d 331, 334 (6th Cir. 2003)(citing Fed. R. Civ. P. 60(b); *McDowell v. Dynamics Corp. of America*, 931 F. 2d 380, 384 (6th Cir. 1991)). "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

Even considering Plaintiff's *pro se* status, he has failed to establish grounds for relief under Rule 60(b). As to the Court's June 27, 2016 order dismissing Plaintiff's Complaint, the only available basis for seeking relief as to that Order would be Rule 60(b)(6), as a motion invoking relief under Rules 60(b)(1-3) must be filed within one

year of the final judgment or order appealed from and the Court can discern no basis for the application of Rules 60(b)(4-5). Plaintiff has not demonstrated entitlement to relief under Rule 60(b)(6):

> [R]elief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992). This is especially true in an application of subsection (6) of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990); *see also Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863–64, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b). *Olle*, 910 F.2d at 365; *see also Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Consequently, courts must apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity mandate relief." *Olle*, 910 F.2d at 365.

*Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

Plaintiff's filings are difficult to decipher but he appears to continue to complain about issues regarding his credit that animated his filing of the Complaint in this case, which was dismissed by this Court under 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction and failure to state a claim on June 27, 2016. Plaintiff attaches to his new filings a few single-sheet exhibits completely devoid of context and makes a number of disjointed statements seemingly related to a credit dispute

such as: "That color woman and their company on the Negro side of Detroit did this to me and my credit;" and "Darn, please court read my brief yourself any layman can tell wrote out to the courts I was in distress from arguing with them men over my account and Capital One credit card not getting my payment that went to another company." (ECF No. 18, PgID 119; ECF No. 19, PgID 123-24; ECF No. 17, PgID 113, 116.) Plaintiff also requests "a consultant." Nothing in Plaintiff's filings presents grounds for relief under Rule 60(b)(6).

Nor do Plaintiff's filings establish grounds for relief under Rule 60(b)(1-3), such as would be sufficient to challenge the Court's September 20, 2017 Order. Plaintiff makes no cognizable claim of mistake, inadvertence, surprise or excusable neglect as would satisfy Rule 60(b)(1) and there is no cognizable claim of fraud or misrepresentation by an opposing party as would satisfy Rule 60(b)(3). The only "evidence" that Plaintiff attaches to his filings that could conceivably be directed at an effort to invoke Rule 60(b)(2) are unauthenticated pages from some type of a 97-page report (not identified) (ECF No. 19, PgID 123-24) and an unauthenticated "email" appearing to be from a Julia Roberts at "lexingtonlaw-firm.com" to a Julia Roberts at "lexingtonlaw-firm.com," dated January 30, 2017, demanding payment and threatening legal proceedings, that appears to have been forwarded by Plaintiff to another email addressee on February 11, 2017 (ECF No. 18, PgID 119). "To

prevail under Rule 60(b)(2), Plaintiff must demonstrate (1) 'that [he] exercised due diligence in obtaining the information' and that (2) 'the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *Green v. Bank of America Corp.*, 530 F. App'x 426, 429 (6th Cir. 2013) (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998). Plaintiff has demonstrated neither of these prerequisites to invoking this ground for relief as to these items of "evidence."

The Court has reviewed Plaintiff's filings cognizant of his *pro se* status and has viewed his filings in the most generous and favorable light. Plaintiff has presented no viable basis for setting aside either this Court's June 27, 2016 Opinion and Order or this Court's September 20, 2017 Opinion and Order. Accordingly, the Court DENIES Plaintiff's Motion to Add On Copy of Continued Harassment Letter and to Stay (ECF No. 18) and Plaintiff's Motion to Request An Add On to Reconsideration (ECF No. 19).

Additionally, although not styled as a Motion, the Court also denies Plaintiff's "Request for Reconsideration Count I," which appears to be an untimely motion seeking reconsideration of the Court's September 20, 2017 Opinion and Order. (ECF No. 17.) *See* E.D. Mich. L.R. 7.1(h)(1) ("A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order."). Even if

6

considered as a "motion" for relief from judgment under Rule 60(b) this "Request" contains more of the same commentary regarding damage to Plaintiff's credit rating and seeking "a consultant," and presents no grounds for setting aside this Court's June 27, 2016 Opinion and Order or this Court's September 20, 2017 Opinion and Order.

IT IS SO ORDERED.

                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: June 25, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 25, 2018.

                                        s/Deborah Tofil
                                        Case Manager